UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY J WILLIBY,<br><br>          Plaintiff,<br><br>   v.<br><br>ALPHABET CORPORATION,<br><br>          Defendant. | Case No. 18-cv-04903-JST<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE**<br><br>Re: ECF Nos. 1, 3, 6 |

Before the Court are Plaintiff Harry Williby's motion for a preliminary injunction, motion for a temporary restraining order, and application to proceed in forma pauperis. ECF Nos. 1, 3, 6. The Court cannot rule on these motions because there is no operative complaint. Accordingly, the Court will dismiss the case without prejudice. If Williby would like to pursue this action again, he must open the case by filing an initial complaint and summons.

A court grants injunctive relief – whether in the form of a TRO or a preliminary injunction – to preserve the status quo and prevent irreparable harm pending a resolution on the merits of a lawsuit. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). "As the Supreme Court has long noted, a preliminary injunction must relate *to the allegations in the complaint*. That is, it is appropriate for a preliminary injunction 'to grant intermediate relief of the same character as that which may be granted finally.'" *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2011 WL 13100745, at *1 (W.D. Wash. Mar. 28, 2011) (emphasis added) (quoting *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)). Also, to show she is entitled to temporary or preliminary injunctive relief, a plaintiff must establish, among other things, that she is likely to succeed on the merits of her complaint. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, there is no complaint and therefore no

way for the court to evaluate Williby's request for equitable relief.

Also, without a complaint there is no case or controversy between the parties. Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). Without an actual case or controversy to decide, the Court has no power to hear the motions in question. *Lyons,* 461 U.S. at 102. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.,* 753 F.2d 719, 727 (9th Cir. 1983).

Because Williby has failed to file an initial complaint, the Court will dismiss the case without prejudice. Before attempting to refile this action, Williby may wish to consult the resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se. These materials include the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which can be downloaded at https://cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

Williby may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center has two locations: 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided at both offices by appointment only. Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center at either location, or by calling the Legal Help Center appointment line at (415) 782-8982.

This matter is hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: August 31, 2018

_____
JON S. TIGAR
United States District Judge